**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

**GERALD LYNN CAMPBELL,**

    **Petitioner,**

    **v.**                                    **CIVIL ACTION NO. 1:11cv3**
                                              **(MAGISTRATE JUDGE SEIBERT)**

**KUMA J. DEBOO,**

    **Respondent.**

**MEMORANDUM OPINION AND ORDER**

**I. BACKGROUND**

On January 10, 2011, the *pro se* petitioner filed an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. (Doc. 1). On January 27, 2011, the petitioner paid the required $5.00 filing fee. (Doc. 7). On January 28, 2011, the respondent was directed to file a limited response to the petition. (Doc. 8). On February 24, 2011, the respondent filed a Motion to Dismiss. (Doc. 10). On March 1, 2011, a Roseboro Notice was issued (Doc. 12), and on March 25, 2011, the petitioner filed what the Court believes to be his response. (Doc. 17). The case is now before the undersigned pursuant to a Notice, Consent, and Reference of a Civil Action to a Magistrate Judge.(Doc. 20).

**I. HISTORICAL BACKGROUND[1]**

On March 14, 1993, the petitioner was arrested in Norfolk, Virginia by local authorities. On November 1, 1993, he was sentenced to 10 years imprisonment by the Circuit Court, Norfolk, Virginia for Possession of Cocaine with Intent to Distribute and Possession of a Firearm by a

---

[1] This is the third habeas corpus the petitioner has filed with this Court pursuant to 28 U.S.C. § 2241. The response filed in 3:10cv101 contains information regarding the petitioner's criminal history,

Convicted Felon. On May 18, 1994, the petitioner was borrowed by federal officials pursuant to a Writ of Habeas Corpus Ad Prosequendum on charges in the Eastern District of Tennessee. On January 23, 1995, the petitioner was sentenced in the Eastern District of Tennessee to a term of 300 months for violating 21 U.S.C. § 841(A)(1), 18 U.S.C. § 924(c) and 18 U.S.C. § 922(g)(1). The court recommended that the Virginia State Penitentiary be the place of service of the sentence.

On February 1, 1995, the petitioner was returned to the Virginia Department of Corrections. Due to the concurrent nature of his federal sentence, the petitioner's 300 month federal sentence was deemed to have commenced on the day it was imposed. The petitioner received prior custody credit for August 30, 1992 and March 14, 1993 through October 31, 1993, for a total of 233 days of credit because that time spent in custody was not credited against his state sentence. (Doc. 15-2, p. 18). The petitioner was paroled from his Virginia state sentence on September 30, 1998, and released to the custody of the United States Marshal Service, to serve the remainder of his federal sentence.

On June 29, 1999, the petitioner was sentenced in the United States District Court for the Western District of Virginia to a term of Life Imprisonment for Assault on a Correctional Officer. (Doc. 15-2, pp. 23-24). Following an appeal, he was re-sentenced on June 11, 2002, to a term of 12 months to run consecutive to the 300 month sentence imposed by the Eastern District of Virginia. The petitioner's current projected release date is March 13, 2017.

## II. THE PETITION

The petitioner appears to have filed this action to challenge the manner in which the Bureau of Prisons (BOP) has calculated his custody classification score. More specifically, the petitioner asserts that his custody classification score is inaccurate because the BOP has calculated his classification score based on his overturned conviction for violating 18 U.S.C. § 111(b). The petitioner maintains that his conviction was subsequently amended to § 111(a), and therefore, the

2

BOP cannot consider his offense a Greatest Severity Offense for custody classification purposes. For relief, the petitioner is seeking an order directing the BOP to retract the points for his original § 111(b) conviction so that he be reclassified to a lower security level.

### III. MOTION TO DISMISS

In support of her Motion to Dismiss, the respondent alleges that the petitioner is challenging the conditions of his confinement which is not a cognizable claim under 28 U.S.C. § 2241.

### IV. PETITIONER'S RESPONSE

In response, the petitioner reiterates that his BOP Unit Team at FCI Gilmer is using instructions from § 111(b) to apply the greatest severity to his classification rating to keep him at a medium facility as opposed to a lower custody facility where he belongs.

### V. ANALYSIS

A section 2241 petition is used to attack the manner in which the sentence is executed. See 28 U.S.C. § 2241. More specifically, a section 2241 petition is appropriate where a prisoner challenges the fact or duration of his confinement but not the conditions of that confinement. See Preiser v. Rodriguez, 411 U.S. 475, 499-500 (1973). To determine whether a claim is cognizable under habeas corpus or under a civil rights action, a court must review whether the challenge is to the fact or duration of the prisoner's confinement, or to the conditions of the prisoner's confinement. See Todd v. Baskerville, 712 F.2d 70, 73 (4th Cir. 1983).

If a prisoner seeks a "quantum change" in his level of custody, such as freedom, his remedy is habeas corpus. However, if a prisoner seeks a different program, location, or environment, his challenge is to the condition of his confinement rather than the fact of his confinement and his remedy is under civil rights law. See Baum v. Conley, 309 F.3d 1002, 1007 (7th Cir. 002) (*quoting* Graham v. Broglen, 922 F.2d 379, 381 (7th Cir. 1991); see also Pischke v. Litscher, 178 F.3d 497,

499-500 (7th Cir. 1999) (habeas is the proper vehicle for presenting a claim "only if the prisoner is seeking to 'get out' of custody in a meaningful sense"); Preiser, supra at 475 (habeas corpus is not an available remedy for challenges to the conditions of a prisoner's confinement that are unrelated to the fact or duration of confinement).

In this matter, the petitioner is challenging the manner in which the BOP interprets the nature of his offenses of conviction when calculating his custody classification scale. The petitioner is challenging his custody classification because he believes his score should be decreased, and he should be eligible for transfer to a lower security facility. Therefore, the petitioners challenge is not to the fact or duration of his confinement, but rather to his particular place of confinement. Accordingly, the petitioner must seek relief in a civil rights action.

In conclusion, the Court notes that the petitioner repeatedly asserts that the sentencing court violated 18 U.S.C. § 3553(a) and Fed. R. Crim. P. Rule 32(c) because a PSR was not prepared on remand, and the original PSR was not considered by the court at re-sentencing. However, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. §2242 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Therefore, to the extent that the petitioner raises allegations concerning the validity of his sentence, that issue must be addressed by the sentencing court in a habeas petition pursuant to 28 U.S.C. § 2255.

## VI. **CONCLUSION**

Accordingly, for the reasons set forth above, the petitioner's § 2241 petition (Doc. 1) is **DENIED AND DISMISSED WITH PREJUDICE**, the petitioner's Motion (styled as Jurisdiction

and Claims) (Doc. 17) is **DENIED**, and the respondent's Motion to Dismiss (Doc. 10) is **GRANTED**. It is **ORDERED** that this civil action be **DISMISSED AND STRICKEN** from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is **ADVISED** that he must file a notice of appeal with the Clerk of the Court within thirty days after the date that the judgment order in this case is entered. See Fed. R. App. P. 4(a)(1). He is further advised that a certificate of appealability is not required for a federal prisoner proceeding under 28 U.S.C. § 2253(c) (certificate of appealability is required in a § 2255 proceeding or in a habeas corpus proceeding in which the detention complained of arises from process issued by a State court); see also Fed.. R. App. P. 22; Drax v. Reno, 338 F.3d 98, 106 n.12 (2nd Cir. 2003).

      IT IS SO ORDERED.

The Clerk of the Court is directed to mail a copy of this Order to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is **DIRECTED** to enter judgment on this matter.

DATED: May 4, 2011

                                  /s/ James E. Seibert
                                  JAMES E. SEIBERT
                                  UNITED STATES MAGISTRATE JUDGE